822 F.2d 60
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pinckney WILLIS, Plaintiff-Appellant,
v.
ITT CONTINENTAL BAKING COMPANY, INC.; Paul Isaacson; David
E. Curtis and Michael William, Defendants-Appellees.
 No. 85-3937
 United States Court of Appeals, Sixth Circuit.
 July 2, 1987.
 
 Before JONES and RYAN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Willis appeals judgment for ITT Continental Baking Company (Continental) in this Title VII action for racial discrimination. Willis contends: (1) that the district court erred in not granting him summary judgment, and (2) that the court abused its discretion in not sua sponte appointing counsel or continuing the trial until he could secure representation. Because the district court neither erred nor abused its discretion, we affirm the judgment for Continental.
 
 I.
 
 2
 Continental maintains a bread plant in Columbus, Ohio and supplies bread products to distributing agencies throughout Ohio. Willis began working for Continental in May 1965 as a washer, greaser and tire repair person for Continental's delivery trucks. In 1976, he was stationed at the Gahana, Ohio garage.
 
 
 3
 In 1979, Willis was discharged for charging a fan belt for his personal use to Continental's account. Pursuant to an arbitration award, however, he was reinstated. This is the point at which Willis contends that his troubles began.
 
 
 4
 Working conditions changed. Willis alleges that his schedule was reorganized, he was denied overtime, and he was not permitted to order parts for the garage. Continental asserts that Willis' schedule had to be reorganized because the company had hired an additional mechanic during Willis' absence, and therefore had to accommodate him. Further, Continental produced evidence that Willis averaged the same number of overtime hours as other mechanics, and often ordered parts for the garage.
 
 
 5
 In 1980, Willis filed charges with the Ohio Civil Rights Commission (OCRC). In addition to the above, he claimed that he had received an undeserved reprimand which Continental asserts occurred as a result of Willis requesting time off without giving the company time to secure his replacement. Finding no probable cause to presume that Continental had engaged in discriminatory practices, the OCRC dismissed the charges.
 
 
 6
 Thereafter, supervisors changed and working conditions improved. But in February 1981 Continental began to face substantial operating losses. Along with the new supervisors came cost saving plans and layoffs. During 1981 and 1982, 16 employees in addition to Willis, including two white mechanics, were laid off.
 
 
 7
 As an additional cost-saving measure, the tire repair service was discontinued at Continental and contracted out. Although Willis was among the most senior of Continental's employees, because tire repair had been his primary responsibility, he was also laid off. Continental offered Willis alternative employment, which he refused.
 
 II.
 
 8
 Willis first contends that the district court erred in not granting summary judgment in his favor. However, Willis made no motion for summary judgment, but, pro se, filed a memorandum in response to Continental's motion for a new trial date, which he argues should have been construed as a motion for summary judgment. Entitled 'Plaintiff's Denial For New Trial', Willis' memorandum states in part:
 
 
 9
 'Respecting the courts and their valuable time, we are asking the courts to deny the defendants MOTION FOR NEW TRIAL and make a final ruling on this charge with all of the evidence that has been presented on this case in the last three years and praying that the court will make a fair and equitable settlement that both parties can live with.'
 
 
 10
 We are hesitant to charge the district court with error for failing to recognize this memorandum to be a motion for summary judgment. First, in his memorandum, Willis appears to have been encouraging a speedy trial, especially since it was designed to oppose Continental's motion for a postponement. Second, as a motion, the memorandum fails to satisfy the requirements of Fed. R. Civ. P. 7(b)(1) that grounds for a motion be stated with particularity. Even construed liberally, Willis' pro se memorandum was simply not sufficient to alert the trial judge that he was seeking summary judgment.
 
 
 11
 In any event, even had the district court construed the memorandum as a summary judgment motion, it would have been error to grant it. At the pleading stage of this controversy, affidavits could not have resolved the many issues of material fact that were subsequently found in Continental's favor after a full trial on the merits. Clearly, summary judgment would have been inappropriate.
 
 III.
 
 12
 Willis next contends that the district court abused its discretion in not sua sponte appointing counsel or continuing the trial until Willis could replace his first attorney, who had been granted leave to withdraw from this case at Willis' request. Even though Willis never requested the appointment of counsel and never requested a continuance, Willis argues that the district court should have acted sua sponte, because it knew that Willis had no attorney.
 
 
 13
 Title VII plaintiffs are entitled to appointed counsel in some circumstances but only upon application to the court. 42 U.S.C. Sec. 2000-e5(f)(1). See also Poindexter v. FBI, 737 F.2d 1173, 1184 (D.C. Cir. 1984). Because Willis did not make such an application, he was not entitled to appointed counsel.
 
 
 14
 As for his alternate contention that the district court should have continued the trial, Willis cites no authority. However, in light of Willis' memorandum opposing postponement, the district judge could only surmise that Willis would have been hostile to a continuance. Under such circumstances, ordering a continuance might well have been an abuse of discretion.
 
 
 15
 The district court's judgment is affirmed.